# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 12 O'clock & 50 min P M
Date 8|13|07
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 13 Case |
| GREGORY CLARK HUGHES | ) | |
| | ) | Number 04-40725 |
| *Debtor* | ) | |

## MEMORANDUM AND ORDER
## ON THE DEBTOR'S RENEWED OBJECTION TO THE AMENDED
## PROOF OF CLAIM OF THE GEORGIA DEPARTMENT OF REVENUE

The Debtor has filed a renewed objection to the amended proof of claim filed by the Georgia Department of Revenue (hereinafter, the Department).[1] *See* Dckt. No. 88 (October 13, 2006). The Department filed a response to the Department's renewed objection. *See* Dckt. No. 92 (November 17, 2006). A hearing on this matter was held on June 29, 2007. *See* Dckt. No. 112 (June 29, 2007). After the hearing, both parties submitted letter briefs to the Court. *See* Dckt. No. 113 (July 9, 2007) (the Department's brief); Dckt. No. 115 (July 19, 2007) (the Debtor's brief). Based on the facts and arguments presented, I make the following Findings of Fact and Conclusions of Law.

---

[1] The Debtor filed an objection to the Department's proof of claim on August 30, 2004. *See* Dckt. No. 36 (August 30, 2004). A Chapter 13 plan was confirmed on October 6, 2004, leaving resolution of the Debtor's objection unresolved. *See* Dckt. No. 60 (October 6, 2004). The Debtor and the Department reached an agreement allowing the Debtor to file amended returns and withdrawing the Debtor's objection. Subsequently, the Department filed an amended proof of claim on September 13, 2006, for $84,787.38.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

The central issue in this dispute is whether the Debtor can be held personally liable for state withholding taxes incurred by the operations of a business entity known as Complete Concrete. In resolving that issue, however, the Debtor and the Department disagree over whether that entity should be viewed as a sole proprietorship or as a corporation. If it is the former, the Debtor is personally liable for the proprietorship's debts. If it is the latter, however, the Debtor is insulated from liability by the corporate entity.

The Debtor filed a State Tax Application with the Department in early 1990 for a new business named Complete Concrete Company (hereinafter, CCC). See Dckt. No. 112, Ex. D-1 (June 29, 2007). The Debtor selected the entry for sole proprietorship in the "Type of Ownership" section of the form. The business address was listed as 152 San Marco Drive, Tybee Island, Georgia. Later, Georgia Withholding Tax Account Number 0777333-NS was issued. On April 5, 1990, the Debtor filed the appropriate documents with the Georgia Secretary of State for the incorporation of an entity known as Complete Concrete, Inc. (hereinafter, CCI). See Id., Ex. D-2. The principal address of this entity was listed as 4898 Old Louisville Road, Savannah, Georgia. After he incorporated CCI, the Debtor obtained federal employer identification number (EIN) 58-1951367 for its Federal and Georgia income tax reporting purposes. On CCI's income tax returns for the years 1991-1994 and 1996-2003, he used only that number. See Id., Ex. D-3. On one occasion, however, he wrote a letter from CCI to the Department, dated March 13, 1998, and used CCC's Georgia withholding number, 000777333, rather than the EIN assigned to CCI.

*See* Id., Ex. D-5. The Debtor testified that the Department did not question the description of his company as CCI, as opposed to CCC, even though he used CCC's Georgia withholding number on that letter.

The Debtor filed withholding tax returns for CCC from 1996, 1997, and early 1998. *See* Id., Ex. D-8. On these returns, although the Georgia withholding number assigned to CCC was used, they also contained EIN 58-1833686, which is not the same EIN assigned to CCI. *See* Id., Ex. D-3. The Debtor paid some of the taxes using checks drawing funds from an account bearing CCC's name. *See* Id., Ex. D-6. On all checks, the Georgia withholding number of 000777333 is listed.

The Debtor contends that he should not be personally liable for any delinquent withholding taxes owed by the Complete Concrete business entity. The Debtor argues that he always intended for Complete Concrete to be operated as a corporation, as evidenced by his incorporation with the Georgia Secretary of State of Complete Concrete, Inc. Furthermore, he claims that he always interacted with the Department as though Complete Concrete was a corporation, rather than a sole proprietorship. Because the Department never attempted to assess him personally for any CCI debt, he contends, it is now too late for him to be held personally liable if the business that incurred the debt is deemed to be a corporation. In response, the Department argues that the Debtor should be bound by his election, as demonstrated on Exhibit D-1, for CCC to be treated as a sole proprietorship, and therefore, the Debtor remains personally liable for any withholding taxes owed by the

entity.

## CONCLUSIONS OF LAW

It is undeniable that the Debtor filled out a state tax application in the name of CCC, selected sole proprietorship as the type of ownership, and signed his name. *See* Dckt. No. 112, Ex. D-1 (June 29, 2007). It is also undeniable that the Debtor did not subsequently submit Georgia Form G-5B to the Department instructing that the Complete Concrete entity should be treated as a corporation rather than as a sole proprietorship. *See* Georgia Rule and Regulation 560-7-8-.33(4)(f)(1).[2] The Debtor contends that no such form was necessary because the Complete Concrete entity was always one entity, a corporation, and therefore, there was no need to notify the Department that a change in status had occurred. In light of the fact that the Debtor signed his state tax application for CCC on February 1, 1990, but incorporated CCI on April 5, 1990, I conclude that the Debtor commenced business as a sole proprietorship, and when he later incorporated, he had an obligation to notify the Department through state-mandated procedures that the Complete Concrete business entity elected to be treated as a corporation and not a sole proprietorship. *See* <u>Miller v. Harco Nat'l Ins. Co.</u>, 274 Ga. 387, 390, 552 S.E.2d 848 (2001) ("An individual doing business under a trade name is clearly a sole proprietor distinct under Georgia law from a corporation in which that individual holds stock.").

---

[2] Georgia Rule and Regulation 560-7-8-.33(4)(f)(1) states the following: "An employer *must* submit Georgia Form G-5B upon termination of the business or *change in business status* relating to ownership, address, *entity structure* or any other significant change relating to withholding tax responsibilities." (emphasis added).

Because CCI and CCC were issued distinct and separate EINs, and because the Debtor never amended his withholding tax election, I conclude that the Department reasonably concluded that there were two separate business entities. *Compare* Dckt. No. 112, Ex. D-3 (June 29, 2007) (listing CCI's EIN as 58-1951367), *with* Id., Ex. D-8 (listing CCC's EIN as 58-1833686). A Department employee, Kathleen Singletary, testified that an EIN is unique to every taxpayer and that the Department uses a taxpayer's EIN to file and process its corporate income tax returns. The fact that CCI and CCC had different EINs, according to Ms. Singletary, indicated to the Department that CCI and CCC were separate businesses. I agree, and this conclusion is further supported by the fact that a State Tax Execution issued by the Department for CCC had a state-issued taxpayer identifier number of 20006076235, s*ee* Dckt. No. 112, Ex. D-10 (June 29, 2007), whereas a Department-issued State Tax Execution for CCI had a state-issued taxpayer identifier number of 20009888448. *See* Id., Ex. D-12. According to Ms. Singletary, although a state-issued taxpayer identifier number is not required on tax returns, it is a master identification number that is used by the Department for internal record-keeping.

Based on this evidence, I conclude that the Complete Concrete business entity should be treated as a sole proprietorship with respect to its unpaid withholding tax obligations. The facts presented at the hearing indicate that the Department was consistent in its separate treatment of both CCI and CCC. In other words, there is no evidence that the

Department ever treated CCI and CCC interchangeably on documents that it issued.[3] Rather, as stated by Ms. Singletary, the Department's records indicate that there were two separate and distinct entities, one known as CCI and another known as CCC. The Debtor filed his withholding tax returns as CCC, used the CCC withholding tax identification number, and paid some of the taxes due from a bank account in the name of CCC.

The Debtor testified at the hearing, and I find his testimony that he intended to operate Complete Concrete only as a corporation credible. There is no evidence whatsoever of any fraud or bad faith on his part in reporting his tax obligations in such a way as to lead to the conclusion that CCI and CCC were separate entities. While the Debtor may have been under the impression that his Complete Concrete business was a corporation and conducted it as such, I cannot disregard the fact that CCI and CCC were separate entities and that CCC incurred and reported the withholding tax obligations. The Department must be able to rely on a taxpayer's election, and granting the Debtor the relief he seeks here could open the door for others, acting in less than good faith, to take advantage of purported mistakes or incomplete record-keeping to deprive the Department of the funds it is owed under Georgia law. Having applied to the Department in the name of CCC as a sole proprietorship, the Debtor is bound by the information provided on that application.

---

[3] It is true that a Georgia Withholding Tax Account Number of 0777333-NS was used by the Debtor on documents pertaining to both CCI, see Dckt. No. 112, Ex. D-3 (June 29, 2007), and CCC. See Id., Ex. D-8. According to the testimony of Ms. Singletary, however, the Department does not use that number in processing corporate income tax returns. The absence of that number on a tax return does not render the return incomplete. Indeed, while the Department allows for that number to be entered on a return, it is not uncommon for taxpayers to fail to include it on the return.

*Cf.* Bumpus v. Comm'r of Internal Revenue, T.C.M. 1999-299, *3 (U.S.T.C. 1999) (concluding that a taxpayer who, through her operation of her business, elected to conduct the business in a corporate form is bound to the consequences of those actions) (citing Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406 (1940)).

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtor's Renewed Objection to the Department's Amended Proof of Claim is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 10th day of August, 2007.