# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED at 9 O'clock & 30 min A M
Date 11/30/07
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

In the matter of: )
)            Chapter 13 Case
GREGORY CLARK HUGHES )
)            Number 04-40725
*Debtor* )

## MEMORANDUM AND ORDER
## ON MOTION TO STAY ORDER AND MEMORANDUM ON
## DEBTOR'S RENEWED OBJECTION TO THE
## GEORGIA DEPARTMENT OF REVENUE'S PROOF OF CLAIM

### FINDINGS OF FACT

Debtor filed a renewed objection to the amended proof of claim filed by the Georgia Department of Revenue ("Department"). <u>Objection to Claim No. 6 of GA Dept. of Revenue</u>, Dckt. No. 88 (October 13, 2006). A hearing was held on Debtor's renewed objection, and this Court entered an Order and Memorandum denying Debtor's renewed objection to the Department's amended proof of claim. *See* <u>Memorandum and Order</u>, Dckt. No. 116 (August 13, 2007). Debtor has filed a notice of appeal of this Order. <u>Notice of Appeal</u>, Dckt. No. 118 (August 22, 2007). Pursuant to Federal Rule of Bankruptcy Procedure 8005, Debtor has filed a Motion to Stay the enforcement of this Court's Order. <u>Motion to Stay Order and Memorandum</u>, Dckt. No. 122 (September 17, 2007). The Department objects to this motion. <u>Response to Debtor's Motion to Stay Order and Memorandum</u>, Dckt. No. 123 (September 20, 2007).

AO 72A
(Rev. 8/82)

In the original Order, this Court faced the issue of "whether the Debtor can be held personally liable for state withholding taxes incurred by the operations of a business entity known as Complete Concrete ("CCC")." The dispute revolved around "whether that entity should be viewed as a sole proprietorship or as a corporation." This is important because "[i]f it is the former, the Debtor is personally liable for the proprietorship's debts. If it is the later, however, the Debtor is insulated from liability by the corporate entity." This Court concluded that Debtor operated this business as a sole proprietorship and thus was personally liable for the state withholding taxes. In re Hughes, Ch. 13, Case No. 04-40725, p.2 (Bankr.S.D.Ga., August 13, 2007).

I concluded this for the following reasons: (1) "Debtor filled out a state tax application in the name of CCC, selected sole proprietorship as the type of ownership, and signed his name." Id. at 4; (2) "Debtor also did not subsequently submit Georgia Form G-5B to the Department instructing that the Complete Concrete entity should be treated as a corporation rather than a sole proprietorship." Id.; (3) Since CCI and CCC had different EIN's, the Department reasonably concluded CCC and CCI were two different entities. Id. at 5; and (4) there was no evidence that the Department ever treated CCI and CCC interchangeably on documents that it issued. Id. at 6.

Debtor makes the following arguments to support this motion. First, Debtor

argues that there is a likelihood of success of the merits because this is a novel issue in this circuit, and that the arguments on appeal are not frivolous which creates a possibility this may be overturned. Second, there will be irreparable harm to Debtor because if the appeal is successful, then Debtor would propose a modified plan that would be within his reach and that may allow him to keep his house. Third, Debtor argues that his payments to the Chapter 13 Trustee are adequate security for the Department and his other creditors.

The Department responds with the following arguments. First, there is no likelihood of success on the merits because a factual finding will not be reversed unless it is clearly erroneous and Debtor has not shown that this Court's decision was clearly erroneous. Debtor will not succeed on the legal issue because Debtor is bound by his election and if he wishes to change the status, he must submit a notice of that intent to the Department, which he did not do. Second, Debtor will not be irreparably harmed because Debtor's confirmed plan states Debtor will sell his house. Therefore, Debtor can not claim that selling his house would harm him since he had already agreed to sell the house in the confirmed plan. Third, the Department would be severely harmed if Debtor files a voluntary dismissal during or after the appeal. Because the Department is an unsecured creditor, it might have no recourse to obtain funds held by the Trustee, and held in escrow during the appeal, for its benefit.

I conclude that Debtor has not shown a substantial likelihood of success on the merits and that he will be irreparably harmed. I also conclude that Debtor has not proven

that the Department will not be harmed if I grant the stay in the absence of a supersedeas bond. Therefore, I will deny the stay pending the appeal unless Debtor provides a supersedeas bond in the amount of the Department's net claim.

## CONCLUSIONS OF LAW

Debtor asks this Court to stay the enforcement of the appealed order pending the appeal of the order pursuant to Federal Rule of Bankruptcy Procedure 8005. Rule 8005 states that the "bankruptcy judge *may* suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest" (emphasis added).

"In determining whether a discretionary stay should be granted, courts have adopted a four factor test that examines the following: 1) the likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and 4) whether the public interest will be served, rather than disserved, by issuing the stay."

"Ordinarily, the first factor, likelihood of an appeal's success, is the most important factor when determining whether to grant a stay pending appeal. However, a movant does not always have to demonstrate a probable likelihood of success on the merits

on appeal. Where the balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay, the movant need only show a 'substantial case on the merits.'" In re Arnal, 2003 WL 22709326, at *1 (Bankr.S.D.Ga. 2003)(*citing* Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Debtor has not met the burden of showing a "probable" likelihood of success on the merits on appeal. He did not demonstrate that this Court's factual findings were clearly erroneous. Furthermore, though this legal issue is novel in this circuit, Debtor did not demonstrate any persuasive authority that would lead this Court to a different legal conclusion. There may still be a "substantial case on the merits" which could warrant this Court's granting the stay pending the appeal. However, that lesser burden is not applicable unless Debtor shows that the "balance of the equities" in granting a stay weigh heavily in his favor. This he has not done.

Debtor will not suffer "irreparable damage" if the Department is allowed to enforce the underlying Order. Debtor argues that if he were successful on appeal, he would be able to propose a modified plan which would possibly allow him to keep his house while paying off the remaining claims. I do not agree with this argument for two reasons. First, Debtor's plan, which provides that payments to his creditors would come from the equity in his residence, has been confirmed. It is inconsistent with the Plan he proposed to now argue that selling his house would cause irreparable damage. Second, this argument is too

speculative to be persuasive. It assumes that he will be successful on appeal, that he will obtain approval from this Court of a modified plan, and that he will have enough money to fund his plan without selling his house. However, none of these assumptions are guaranteed to occur. *See* Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)(Irreparable harm must be "neither remote nor speculative, but actual and imminent." (quotation marks and citation omitted)).

I also find that Debtor has failed to prove that the Department will not suffer substantial harm if the stay is granted. Chapter 13 debtors have a right to voluntarily dismiss their cases at virtually any time. *See* 11 U.S.C. §1307(b)("On request of the debtor at any time . . . the court shall dismiss a case under this chapter."); In re Barbieri, 199 F.3d 616, 619 (2d Cir. 1999)("debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision."); *see also* Tidewater Fin. Co. v. Williams, 498 F.3d 249, 252 (4th Cir. 2007); Nash v. Kester (In re Nash), 765 F.2d 1410, 1413 (9th Cir. 1985). The Department argues correctly that there is a possibility that Debtor could dismiss the case and leave the Department without recourse to collect the funds paid to and held by the Trustee pending the appeal. Debtor has not met his burden of proving that no substantial harm could result from granting of a stay without security to protect the Department in the event of a dismissal. In a telephonic conference following the hearing, the parties could not agree upon an adequate method of protection for the Department's interest.

I therefore have no choice but to deny the stay pending the appeal unless Debtor obtains a supersedeas bond. The Trustee is authorized to remit any funds presently on hand, earmarked for payment of the Department's claim, to the Department in partial satisfaction of the claim. Debtor's motion is DENIED absent posting of a supersedeas bond or other security in an amount and form acceptable to the Department to secure its receipt of the net amount of the claim as presently allowed by my prior ruling.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 29th day of November, 2007.